UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO McCRAY,

                    Plaintiff,

          -against-

NEW YORK STATE CORRECTIONAL,

                    Defendant.

1:24-CV-7308 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ricardo McCray is currently incarcerated in the Sing Sing Correctional Facility, in Ossining, Westchester County, New York. This action was originally filed in his name in the United States District Court for the Northern District of Georgia. By order dated September 23, 2024, that court transferred this action to this court. *See McCray v. New York State Corr.*, 1:24-CV-4074 (N.D. Ga. Sept. 23, 2024). It is unclear, however, whether Plaintiff, either *pro se* (without being represented by counsel) or with the aid of counsel, initiated this action because the complaint is not signed. Rather, on the complaint's signature line for "Plaintiff's Attorney," the name of attorney Daniel S. Kratka, Esq. is typed, and the address of that attorney's law firm, the Kratka Law Group, PLLC, is provided. (ECF 2, at 6.) In addition, with respect to an accompanying application to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP" or "IFP application"), that application is not signed by Plaintiff; instead, on that application's signature line, the name "Robert Johnson Esq." is typed. (ECF 1, at 2.) Moreover, a prisoner authorization does not accompany the complaint and the IFP application.

Rule 11(a) of the Federal Rules of Civil Procedure ("Rule 11(a)") provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a);

*see* Local Civil Rule 11.1(a)(3). The Supreme Court of the United States has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

If Plaintiff initiated this action *pro se*, he must, within 30 days of the date of this order, resubmit the signature pages of the complaint and of the IFP application with his original signatures. If Plaintiff initiated this action via counsel, counsel for Plaintiff must, within 30 days of the date of this order, resubmit the signature page of the complaint with counsel's original signature and, within that same time period, if Plaintiff wishes to procced IFP, Plaintiff must resubmit the signature page of the IFP application with his original signature. Copies of the signature pages of the complaint and of the IFP application are attached to this order.

In addition, to proceed with a civil action in a federal district court, a prisoner, like Plaintiff, must either pay $405 in fees – a $350 filing fee plus a $55 administrative fee – or, to request permission to proceed IFP, submit a completed and signed IFP application and a completed and signed prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the court to collect the $350 filing fee in installments deducted from the prisoner's prison trust fund account. *See* § 1915(b)(1). A prisoner seeking to proceed in this court IFP must, therefore, also authorize the court to withdraw these payments from his prison trust fund account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350 filing fee[1] from the prisoner's prison trust fund account in installments and to send to this court

---

[1] The $55 administrative fee for filing a federal civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

2

certified copies of the prisoner's prison trust fund account statements for the past six months. *See* § 1915(a)(2), (b).

Here, an IFP application was filed with the complaint, but a prisoner authorization was not. Thus, within 30 days of the date of this order, Plaintiff must either pay the $405 in fees or, if he wishes to seek IFP status, complete, sign, and submit a prisoner authorization along with the signed signature page of his IFP application. If Plaintiff submits a prisoner authorization, it should be labeled with docket number 1:24-CV-7308 (LTS).[2] A prisoner authorization form is attached to this order, along with the abovementioned copies of signature pages.

No summons shall issue at this time. If this order is complied with, this action shall be processed in accordance with the procedures of the Clerk's Office. If it is not complied with within the time allowed, the Court will dismiss this action.

The Court directs the Clerk of Court to mail a copy of this order and its attachments to Plaintiff, at the Sing Sing Correctional Facility, and to the Kratka Law Group, PLLC, at 580 Fifth Avenue, New York, New York 10036.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the relevant fees at the time of filing any new federal civil action.

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 15, 2024
              New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge